ADJ
PS-8
8/88

# UNITED STATES DISTRICT COURT

for

EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**U.S.A. vs. Jeffrey Belanger**                              **Docket No. 5:13-CR-134-1FL**

**Petition for Action on Conditions of Pretrial Release** - ADJUDICATED

COMES NOW Van R. Freeman, Jr., probation officer of the court, presenting an official report upon the conduct of defendant, Jeffrey Belanger, who was placed under pretrial release supervision by the Honorable James E. Gates, U.S. Magistrate Judge, sitting in the Court at Raleigh, NC, on the 23rd day of May, 2013, under the following conditions:

- Report to the probation office or supervising officer as directed.

- Obtain no passport.

- Abide by the following restrictions on personal association, place of abode, or travel: Eastern District of North Carolina

- Refrain from possessing a firearm, destructive device, or other dangerous weapons.

- Refrain from any use of alcohol.

- Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

- Submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which are required as a condition of release.

- Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

- Participate in one of the following location monitoring programs components and abide by its requirements as the pretrial services officer or supervising officer instructs.

Belanger, J.
PS8 Pg. 2

> Curfew. You are restricted to your residence every day as directed by the pretrial services office or supervising officer.
>
> Home detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervision officer pending installation of remote alcohol testing system, pending installation of remote alcohol testing system.

- Submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the supervising officer related to the proper operation of the technology.

  > The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
  >
  > Location monitoring technology as directed by the pretrial services office or supervising officer.

- Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

- Not to operate a motor vehicle on public highways, streets, or public vehicular areas.

On October 23, 2013, based on the defendant's compliance, the court removed the location monitoring and remote alcohol testing conditions. The defendant appeared before Honorable Robert B. Jones, Jr., U.S. Magistrate Judge for arraignment on 14th day of January, 2014, and supervision was continued under existing conditions.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On June 18, 2014, the defendant was charged with Driving While License Revoked in violation of NCGS 20-28(a). He contacted his probation officer on June 19, 2014, and admitted to his officer that he had indeed been driving. This violation was reported to the court with a recommendation that supervision be continued. The court agreed with this recommendation.

On September 13, 2014, the defendant was again charged with Driving While License Revoked. He was also charged with Operating a Vehicle with No Insurance, Fictitious Title, Driving a Motor Vehicle with No Registration, and Failure to Apply for a New Title. Our office was made aware of the violation on September 16, 2014, by an automated record check. Later on that date, the defendant contacted his officer and admitted that he had been driving.

Belanger, J.
PS8 Pg. 3

## PRAYING THAT THE COURT WILL ORDER

that a hearing be held to determine if the defendant's pretrial supervision should be revoked.

/s/ Van R. Freeman, Jr.
Senior U.S. Probation Officer
310 Dick Street
Fayetteville, NC 28301-5730
Phone: (910) 483-8613
Executed On: September 18, 2014

## ORDER OF COURT

Considered and ordered this  22nd  day of  September , 2014, and ordered filed and made a part of the records in the above case.

Honorable Louise W. Flanagan
U.S. District Judge